# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PIERRE PICKENS,**

    Plaintiff,

v.                                        **Case No. 19-CV-741**

**JESSE SCHMIDT,**

    Defendant.

## ORDER

Plaintiff Pierre Pickens is proceeding on an excessive-force claim against defendant Jesse Schmidt. (ECF No. 18 at 4-5.). Before me is Schmidt's motion for summary judgment based on Pickens' alleged failure to exhaust the available administrative remedies before he initiated this lawsuit. (ECF No. 24). According to Schmidt, Pickens never filed an inmate complaint, let alone one regarding the incident at issue in this case. (ECF No. 26 at ¶¶ 2-3.) Pickens does not dispute that he did not file an inmate complaint; however, he explains that the reason he did not file an inmate complaint is because officers in the restricted housing unit would not put his inmate complaint in the mailbox. (ECF No. 30 at ¶2.) For the reasons stated below, I will grant Schmidt's motion.

## LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (*citing Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

*1. Administrative Exhaustion Requirement*

Because Pickens was incarcerated when he filed his federal complaint, the Prison Litigation Reform Act (PLRA) applies to this case. The PLRA provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

A prisoner is not required to exhaust administrative remedies if those remedies are not truly "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies will be deemed "unavailable" when prison officials do not respond to a properly-filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 739, 742 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002).

Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendants." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

## 2. Application to this Case

Pickens argues that the administrative remedies were unavailable to him because officers refused to place his inmate complaint in the mailbox.[1] The Court of Appeals for the Seventh Circuit addressed similar facts in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019). There, the institution complaint examiner asserted that the facility had no record of Lockett filing an appeal of the dismissal of his inmate complaint. In response, Lockett claimed that he had appealed the dismissal but had not received a receipt acknowledging his appeal. *Id*. at 1025-26.

The Seventh Circuit explained that Wisconsin has a system in place requiring that a prisoner receive a receipt after filing a complaint. *Lockett*, 937 F.3d at 1026; *see* Wis. Admin. Code DOC § 310.10(4). The court explained that the receipt plays a significant role in the complaint process and in a prisoner's ability to preserve his right to initiate litigation in the district court. *Id*. Reading the regulations in their totality, the Seventh Circuit concluded that Lockett "was obliged to regard the absence of receipt as a red flag [and that] he should have undertaken, through the complaint procedure, an inquiry to ascertain why he had not received this important document." *Id*. at 1027. The Seventh Circuit held that, "Having failed to make that

---

[1] Pickens' filed a copy of the inmate complaint that he alleges officers refused to place in the mailbox. (ECF No. 29-3.) I note that the form lists the date of the incident as March 7, 2019, and lists the date he signed the inmate complaint as April 30, 2019. (*Id*.) Thus, even if officers had mailed Pickens' inmate complaint, it would have been untimely under Wis. Admin. Code DOC § 310.07(2), which requires inmates to file an inmate complaint within 14 days of the occurrence giving rise to the inmate complaint.

4

inquiry, he may not now counter evidence that the prison did not receive his administrative appeal with a bald assertion of a timely filing." *Id.*

The Seventh Circuit explained that "requiring a prisoner in Mr. Lockett's position to employ the complaint system to ascertain the fate of his appeal and the receipt of filing is compatible with the primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury." *Lockett*, 937 F.3d at 1027. The court emphasized that the burden of proof on the exhaustion issue is on the defendants. *Id.* But once the defendants offered evidence that there was no record of an appeal having been filed, the burden shifted to Lockett "to demonstrate that there was a genuine issue of triable fact with respect to that defense." *Id.*

The Seventh Circuit noted that, while Lockett's affidavit was relevant and probative to the issue of whether he had filed his appeal or received a receipt, it was "insufficient to establish that he ever exhausted the opportunity to resolve the matter within the prison system by making a reasonable inquiry into the reason for the absence of a receipt." *Id.* at 1027-28. As the court observed, "In Wisconsin, the regulations clearly gave him the opportunity to do so, but there is no evidence that he availed himself of this tool." *Id.* at 1028.

Similarly, Pickens' bald assertion that he tried to file an inmate complaint but officers refused to put it in the mailbox is insufficient to create a triable issue of fact on whether the administrative remedies were unavailable to him. Pickens' failure to exhaust is even clearer than Lockett's was. Lockett had to infer that something went

5

awry because he did not receive a receipt. *See Lockett,* 937 F.3d at 1026–27. Pickens did not have to infer a "red flag"; he apparently knew that the officers were refusing to put his inmate complaint in the mailbox, yet he never took any corrective action—he did not file an inmate complaint about their misconduct, nor did he make additional efforts to submit his inmate complaint.

As the Seventh Circuit noted in *Lockett*, inmates have opportunities to address challenges they encounter during the inmate complaint process. They can file an information request with the inmate complaint examiner, or they can file a grievance to complain about interference with their efforts to file an inmate complaint. Pickens offers no evidence suggesting that he pursued either of these options as a way of "resolv[ing] the matter within the prison system." *Lockett*, 937 F.3d at 1027. Thus, under *Lockett*, Pickens' failure to avail himself of such reasonable courses of inquiry is fatal to his assertion that the administrative remedies were unavailable to him. Because Pickens fails to adequately rebut Schmidt's affirmative defense that Pickens did not exhaust the available administrative remedies before he initiated this lawsuit, I will grant Schmidt's motion.

Finally, on May 5, 2020, Pickens filed a document he captioned "Motion to Appoint Counsel." (ECF No. 31.) The filing is very limited. It quotes 28 U.S.C. § 1915(e)(1) and includes two case citations—that is all. Pickens makes no effort to explain why he cannot litigate this case on his own. In any event, I find that Pickens failed to exhaust the available administrative remedies before he initiated this case. Pickens being represented by a lawyer would not affect that outcome.

6

**IT IS THEREFORE ORDERED** that Schmidt's motion for summary judgment (ECF No. 24) is **GRANTED.**

**IT IS FURTHER ORDERED** that Pickens' motion to appoint counsel (ECF No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** based on Pickens' failure to exhaust the available administrative remedies. The clerk's office shall enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 6th day of August, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge